## No. 8939.

### CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY ET AL. *v.* PUBLIC UTILITIES COMMISSION ET AL.

PUBLIC UTILITIES COMMISSION—*Order Reversed.*     Appeal from the order of the Public Utilities Commission controlled by the opinion in No. 8939, *ante,* so far as the questions presented are identical or similar.

An order of the Commission allowing to one company a greater rate, for the shorter haul, than that awarded to another, for the longer haul,—over the same road—vacated as not supported by the testimony, and contrary to all reason.

*Error to the Public Utilities Commission.*

Mr. WILLIAM V. HODGES, Mr. WALLACE T. HUGHES, Mr. D. EDGAR WILSON, Mr. HAROLD H. HEALY, Mr. M. F. BELL, of counsel, for petitioner.

Mr. TYSON S. DINES, Mr. TYSON DINES JR., Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, for respondent, The Denver & Salt Lake Railroad Company.

Chief Justice Hill delivered the opinion of the court:

THIS action is to review an order of our Public Utilities Commission fixing divisions of through rates on coal to be shipped from points in northwestern Colorado, known as the Oak Hills district, on the road of the respondent, The Denver & Salt Lake Railroad Company, called "the Moffat road," to points in eastern Colorado, on the road of the petitioner, The Chicago, Rock Island & Pacific Railway Company, called "the Rock Island."

When before the Public Utilities Commission, this case was a part of our No. 8938, decided at this term.     Both

roads were dissatisfied with the commission's divisions, and asked for reviews, the Moffat road in the other case, the Rock Island in this. We allowed one record for both. In the other case, the Rock Island joined in the briefs in so far as its contentions were the same as the other roads', hence the opinion in that case controls those questions.

In this case, it urges the consideration of facts in its favor which it claims distinguishes its position from that of the Union Pacific and Burlington, for which reasons different results should be reached concerning its divisions.

Regardless of the contention in the other case urged by the respondents other than the Rock Island, that we were without jurisdiction to consider these questions, etc., the Rock Island requests us in this case to not only assume jurisdiction, but to consider the evidence, to determine the evidentiary degree of certain testimony, to hold that the commission erred concerning it, to declare that its order is unjust and unreasonable, etc., to set aside its decision and make a finding from the testimony that its divisions should be in amounts as claimed by it. We can not subscribe to all of these contentions, but agree with those portions recognized as correct in the former opinion, viz, that is that it is our duty to examine the testimony in order to determine whether there is competent testimony to support the findings of the commission and whether the commission's order is just and reasonable. This, the statute says, we shall do.

For the reasons stated in Case No. 8938, we find no substantial conflict in any material testimony concerning the questions under consideration. The commission held that, as between the Moffat, the Burlington and the Union Pacific roads, the divisions of the new lower rate fixed by it should be prorated in the same proportion as the former divisions, each bearing its proportional share of the reduction; that the divisions between the Moffat and the Rock Island for stations on the Rock Island line east of Limon should be on a parity with the divisions fixed for the Burlington and the Union Pacific out of Denver, although some

of them were fixed at less than this conclusion calls for. These are the alleged errors complained of as being in conflict with both the law and the evidence. To sustain its contention to the first, the Rock Island points to testimony which shows that it had been receiving a greater portion for its divisions out of the old rates than had the Burlington and the Union Pacific, hence the divisions to it out of the new rates are not fixed in the same proportion as the former divisions. Its justification for these prior divisions, and right to the same divisions here, is prior agreement to the former divisions, strategic position, agreements with other roads from the Walsenburg district to certain divisions, acquiescence by them to the same proportions of the new rates, etc.; also, the fact that while the Rock Island receives Oak Hills coal at Denver, it receives Walsenburg coal at Pueblo, one hundred eighteen miles south of Denver; that the Rock Island extends east from Colorado Springs, crossing the Union Pacific at Limon, seventy-nine miles distant; that it uses the rails of the Union Pacific from Limon direct to Denver, eighty-nine miles, and pays wheelage to the Union Pacific for the use of this track; that it enters Pueblo over the rails of the Denver & Rio Grande, to which company it pays wheelage charges of forty-four miles to Colorado Springs; that the Walsenburg haul by the initial carrier to Pueblo is but sixty-eight miles, then one hundred twenty-three miles by the Rock Island from Pueblo to Limon, a total of one hundred ninety-one miles from Walsenburg; that the Rock Island's haul from Denver to Limon is but eighty-nine miles; that its service from Limon east is the same whether the coal originates at Oak Hills or Walsenburg, hence the greater revenue to it upon the Walsenburg haul. For these reasons, it claims to be entitled to a larger division of the through rate on Oak Hills coal than either the Burlington or Union Pacific, and urges that the commission erred as a matter of law in holding otherwise.

In presenting these contentions, the petitioner ignores the distance of the haul from the Oak Hills district, the serv-

ices rendered in such carriage, the demand for the Moffat coal by the public, the injustice of the former rates (so found by the commission, from which no appeal was taken), that the lower rate was fixed by the commission, that in its general adjustments of these rates it did not reduce the Moffat's local rate to Denver, that the evidence discloses that this local rate was very reasonable, when based on distance and cost of haul. The petitioner also ignores the reasons for the agreements on divisions by other carriers with it, and other matters set forth in Case No. 8938, also the fact that the former divisions and subsequent agreement by other carriers pertaining to the new rate are not controlling of this controversy. In addition, the Moffat road earnestly insists that it never agreed with the Rock Island on a division of the former rates and cites testimony to prove it, which is to the effect that while it shipped coal to these points, it accepted the amounts given it by the Rock Island under protest and had claims pending for the difference. If there is any disputed question of fact in the entire record, it is this, but, conceding that the Rock Island's position is correct concerning it, it is not controlling of the controversy.

The Interstate Commerce Commission has fixed the same divisions for the Moffat road for interstate shipments from the Oak Hills district to points east of Colorado over the Rock Island, in both two and three-line hauls, as it has for similar shipments to points east of Colorado over the Burlington and the Union Pacific. For all of these reasons, as well as those stated in Case No. 8938, we can not agree with the petitioner that there is no testimony to sustain the commission in fixing these divisions upon the same basis as those for the Burlington and the Union Pacific through the Denver gateway, when they are ultimately established under correct principles of law.

The petitioner makes the further contention that, accepting the basis of the Union Pacific and the Burlington divisions as controlling upon its shipments through the Denver gateway, the order of the commission is still unjust, un-

reasonable and discriminative against it, in this, that the commission has awarded to it smaller divisions than to the Union Pacific for practically the same hauls and distances. They point to testimony which discloses that Limon is eighty-nine miles from Denver, between which points the Union Pacific and the Rock Island use the same track; that from there east they closely parallel each other, but that the divisions awarded the Rock Island for the same distance east of Limon are lower than to the Union Pacific. To illustrate, the Union Pacific's division for Oak Hills shipments from Denver to Limon is $1.325; to Lake, the first station east of Limon on the Union Pacific, its division is $1.367; while to Mustang, the first station east of Limon on the Rock Island, but three miles difference in distance, its division is $1.219, and less than the Union Pacific's for the shorter haul to Limon over the same line; Hugo, on the Union Pacific east of Limon, is one hundred and three, while Bovina, on the Rock Island, also east of Limon, is one hundred and six miles from Denver, both through the Limon gateway, yet the Union Pacific is awarded $1.50 per ton as its division to Hugo, while the Rock Island is only given $1.294 as its division to Bovina, and that this discrimination thus continues to the Kansas line. We agree with the petitioner that there is no testimony which justified this discrimination, or which tended to disclose that there should be any difference in the divisions between these lines for the same distance on either line through the Limon gateway, and there has been no reason presented which justifies it.

For the reasons herein stated, as well as those in Case No. 8938, the decision and order of the commission will be set aside and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

Decision *en banc*.

Mr. Justice White and Mr. Justice Bailey not participating.